IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

HUNG NGO,                              )
                                       )
            Plaintiff,                 )     TC-MD 120191C
                                       )
      v.                               )
                                       )
DEPARTMENT OF REVENUE,                 )
State of Oregon,                       )
                                       )
            Defendant.                 )     **DECISION**

Plaintiff appeals Defendant's denial of his refund claim for failure to file his 2007 income

tax return within three years of the due date.  At an initial case management conference held by

telephone May 30, 2012, the court granted Plaintiff's request for an opportunity to research the

legal merits of Defendant's untimeliness claim.  Plaintiff, who is representing himself in this

appeal, was given until June 6, 2012, to submit his written memorandum and Defendant was

given until June 22, 2012, to submit a written response.  Defendant is represented by Kevin Cole.

## I.  STATEMENT OF FACTS

The relevant facts are as follows.  Plaintiff filed his 2007 Oregon income tax return on

April 18, 2011 (postmark date).  (Def's Ans.)  Plaintiff's return reported a refund due.  (Ptf's

Written Memo at 5.)  Defendant reviewed the return and issued a Notice of Proposed Refund

Adjustment dated December 8, 2011, denying Plaintiff's refund claim in its entirety.  (Ptf's

Compl at 2.)  The reason given for the denial was that Plaintiff failed to file within three years as

required by ORS 314.415(2)(a).  (*Id.*)

Plaintiff contends his 2007 Oregon return was filed within the statutory three year refund

window because the federal filing deadline in calendar year 2011 was extended from Friday,

April 15, to Monday, April 18, because April 15 was a federal holiday, Emancipation Day.

DECISION  TC-MD 120191C                                                        1

Because his return was filed April 18, 2011, Plaintiff argues that his 2007 return was "timely" for purposes of the refund limitation statute. Finally, Plaintiff asserts his position is supported by the fact that both the federal government and the State of California accepted his returns as timely and that they were filed the same day as his Oregon return (April 18, 2011).

## II. ANALYSIS

The issue in this case is whether the 2011 federal filing "extension" due to a holiday (Emancipation Day), which gave taxpayers until Monday, April 18, 2011, to file their 2010 returns, allows a taxpayer to file a 2007 Oregon return claiming a refund by April 18, 2011, for purposes of three year refund rule in ORS 314.415.[1]

Under Oregon law, a taxpayer seeking a refund on an originally filed return must file that return within three years of the due date for the return or the Department cannot issue the refund. The relevant statute is ORS 314.415(2)(a), which provides in relevant part:

> "The department may not allow or make a refund after three years from the time the return was filed, or two years from the time the tax (or a portion of the tax) was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270."

ORS 314.415(2)(a).

As Defendant notes in its Answer, ORS 314.415(2) precludes Defendant from allowing or making a refund on an original return filed more than three years after the due date, excluding extensions. Plaintiff's 2007 Oregon return was due April 15, 2008 (a Tuesday). IRC § 6072(a);[2] ORS 314.385 (2005). Three years from the original due date, April 15, 2011, fell on a Friday.

/ / /

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

[2] All references to the Internal Revenue Code (IRC) are to 2008.

Due to the upcoming weekend, the District of Columbia holiday of Emancipation Day was observed on that Friday.[3]  IRS Notice 2011-17, 2011-10 IRB 540-41.

Plaintiff filed his return April 18, 2011, claiming a refund for 2007.

The court in *Day v. Department of Revenue* (*Day*), TC No 4892, WL 4880663 (Nov 30, 2010), explains how to determine the relevant deadline regarding the three year refund rule in ORS 314.415 when the federal filing deadline is moved due to Emancipation Day. Although the relevant years in *Day* differ from those in the present case, the analysis of the determination of the pertinent deadline is directly applicable and is therefore quoted at length below.

> "Oregon law prohibits the department from issuing an income tax refund on any return not filed within three years of the original due date. ORS 314.415(2). Taxpayers' original 2003 Oregon return was due on April 15, 200[4].  Three years past the original due date of April 15, 2007, fell on a Sunday.  Under Oregon law, when tax returns are legally required to be filed on a Saturday, Sunday or legal holiday, taxpayers are given until the next business day to file their return. ORS 305.820(2). Monday April 16, 2007, was Emancipation Day, a legal holiday in the District of Columbia.  That further extended the filing deadline to April 17, 2007.  Therefore, in order to be entitled to a refund, taxpayers had to have mailed their 2003 Oregon tax return and refund request on or before April 17, 2007."

*Day*, 2010 WL 4880663 at *3 (citations omitted).

The filing deadline for 2007 Oregon tax returns was Tuesday, April 15, 2008.  But for the holiday, the statutory three-year deadline for requesting a refund would have fallen on April 15, 2011, a Friday. However, due to the early observance of Emancipation Day that year, the 2011 tax deadline was pushed forward one business day and fell on Monday, April 18.  IRS Notice 2011-17, 2011-10 IRB 540-41.

Thus, following the analysis of the *Day* court, the 2011 federal filing "extension" due to Emancipation Day allowed taxpayers filing 2007 Oregon returns claiming refunds to file by

---

[3] On April 16, 1862, the federal government abolished slavery in Washington, D.C., nine months before the Emancipation Proclamation.  Washington, D.C., Law 15-288 (Apr 5, 2005).  Legislation was enacted in 2005 making Emancipation Day an official public holiday in the District of Columbia.  *Id.*

April 18, 2011, for purposes of the three year refund rule in ORS 314.415. Plaintiff's 2007 return, filed on April 18, 2011, was timely for purposes of the statutory three-year refund rule provided in ORS 314.415(2).

## III. CONCLUSION

The court concludes that Plaintiff is entitled to the refund claimed on his 2007 Oregon income tax return because that return was filed on the last possible day allowed for claiming a refund under ORS 314.415(2), said date being extended because of Emancipation Day, observed by the District of Columbia one day early on Friday, April 15, 2011. That holiday extended the deadline under the ORS 314.450(2) three-year window to Monday, April 18, 2011, the date Plaintiff filed his 2007 Oregon return. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's request for refund was filed within the time required and his appeal is therefore granted.

Dated this ___ day of July 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on July 31, 2012. The Court filed and entered this document on July 31, 2012.*